ENGLISH, C. J.: Ou the 21st day of July, 1875, the County Court of Chicot ■county made the following order : “In the matter of calling in the outstanding indebtedness of Chicot county, Arkansas: “Whereas, it is deemed expedient by the County Court of Chicot county to call in the outstanding warrants of said •county, in order to cancel, re-issue and classify the saino : It is therefore hereby ordered that all the warrants and outstanding scrip of Chicot county, of all kinds, character and description -whatsoever, issued prior to the 30th day of October, 1874, be and the same are hereby ordered to be called in for the purpose aforesaid: and it is further ordered that the holders of all outstanding warrants and other scrip of Chicot ■county issued prior to the said 30th day of October, 1874, •shall present the same to the County Court of Chicot county, in the town of Lake Village, Ark., on VIonday the 4th day of October, 1875, for the cancellation, re-issuance and classification of the same, and that the sheriff of Chicot county shall give notice, and make due publication of this order as by law he is required to do. And it is further ordered that all persons who shall hold any warrant of said county and neglect or refuse to present the same as required by this order, shall thereafter be forever debarred from deriving any benefit from their claims.” On the 2Gth of July, 1875, the shei’iff made publication as directed by the order. Daniel H. Reynolds, who was the holder of six county warrants, issued prior to the 30th of October, 1874, which had been presented to the County Treasurer for payment, and endorsed not paid for want of funds, and which had not been presented to the County Court, for cancellation, re-issuance,, etc., under the above order, being a property holder and taxpayer of the county, tendered said warrants on the 20th April, 1877, to Reuben M. Fry, collector of the county, in payment, of his county tax, and the collector refused to receive them on the ground that they were barred by the above order of¿the County Court, but admitting the warrants to be|otherwise genuine and valid. On notice to the collector, Reynolds presented to the Circuit Court of Chicot county, at its July term 1877, a petition, alleging the above facts, aud praying that Fry, as such collector, be compelled, by mandamus, to receive said warrants (which were made exhibits) in payment of the county taxes,, etc., charged against his property, etc. The Hon. F.' Downs, Judge of the County Court, filed a. motion to make the county a party to thejapplication for mandamus, stating as grounds therefor, that by an order of the County Court said warrants were declared to be baired aud null and void, and the collector directed not[.to receive them' in payment of any taxes, and the County Treasurer directed not to redeem them — “That said county believes that it has a-good and valid defense to said warrants, and that said cause-cannot be fully determined except by making said county a. party, and permitting it to make a defense.” The court overruled the motion to make the county a party. Fry, the collector, demurred to the petition for mandamus,, on the ground that it did not show that the petioner was without other adequate relief in the premises. The court overruled the demurrer, and ordered a mandamus as prayed in the petition, and Fry appealed to this court. The Statute empowering the County Court to make an order to call iu. outstanding warrants, etc., prescribes that the time fixed by the order for the presentation of such warrants, shall be at least three months from the date of such order. Gantt’s .Big. 8ec. 614. The order made an exhibit to the petition, and copied, was ■entered by the County Court on the 21st of July, 1875,'and the holders of outstanding warrants were required to present ■.themto the County Court for cancellation, etc., on the 4th day ■ of October following, which wras less than three months from ' the date of the order. The court had power under the statute to make such an ■order, and the warrants of appellee were not barred by his failure to present them at the time fixed by the order. The order being invalid as to the warrants of appellee, he ■was not obliged to appeal from it, or apply to the Circuit Court to have it quashed on certiorari. His warrants not being barred by his failure to present them at the time fixed i by the order, or their validity in any way legally affected thereby, he had the right to tender them to appellant, as Collector, in payment of his county taxes, and on his refusal to ■receive them, he could be compelled to do so by mandamus. Woodruff v. Trapnall, 12 Ark. 640; Parsel v. Barnes & Bro. 25 Ib. 261; Graham v. Parham 32 Ib. 677; Lindsey v. Rottaken, Ib. 623; Loftin, collector, v. Watson, Ib. 415; McCracken v. Moody, M. S. It is not the practice to make, any person a defendant to a petition for mandamus but the officer whose conduct is complained of. Big. Gh. 89. The county was not a necessary party, nor does the motion •of the County Judge state any good reason for permitting it to become a party. If the County Coui’t made an order directing the collector not to receive appellee’s warrants, and directing the Treasurer not to redeem them because of the failure of appellee to present them at the time fixed by the order above copied, as indicated in the motion, such order was invalid. The general statement in the motion that the ‘■‘■.county believed, it had a good and valid defense to said warrants,” without stating what the defense was, amounted to nothing. If there was any defense other than that the warrants were barred by the failure of appellee to present them under the invalid order above, it should have been presented by the collector in answer to the petition. It was his duty to interpose such defense, if there was any. But he rested upon his demurrer,, and the judgment of the court below must be affirmed.